FILED ENTERED
LOGGED RECEIVED

APR 23 2019

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF A CELLULAR TELEPHONE FURTHER DESCRIBED IN ATTACHMENT A, CURRENTLY IN THE CUSTODY OF THE FEDERAL BUREAU OF INVESTIGATION IN BALTIMORE, MARYLAND** | **UNDER SEAL**<br><br>**MISC NO.** 19-1225 ADC |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Melissa Draper, a Special Agent with the Federal Bureau of Investigation (FBI), being duly sworn, depose and state as follows:

1. This affidavit is made in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search a cellular telephone, further described in this Affidavit and in Attachment A, that is currently in the custody of the FBI in Baltimore, Maryland (the "**SUBJECT DEVICE**"). Based on the facts set forth in this affidavit, I respectfully submit that there is probable cause to believe that the **SUBJECT DEVICE** contains evidence pertaining to the possession of firearms and ammunition by a felon, in violation of 18 U.S.C. § 922(g).

2. Based on my training and experience, I know that the **SUBJECT DEVICE** has been stored in a manner such that its contents are, to the extent material to this investigation, in substantially the same state as they were when the **SUBJECT DEVICE** first came into the possession of law enforcement. The applied-for warrant would authorize the forensic examination of the **SUBJECT DEVICE** for the purpose of identifying electronically stored data described more particularly in Attachment B.

3. The information contained in this Affidavit is based upon my personal participation in this investigation, my training and experience, my review of documents and other evidence, and



information obtained from other law enforcement officers, witnesses, cooperating sources, and other individuals. All conversations and statements described in this Affidavit are related in substance and in part unless otherwise indicated.

4. I submit this Affidavit for the limited purpose of establishing probable cause for the requested warrant, and this Affidavit does not set forth all my knowledge about this matter. I have not, however, excluded any information known to me that would defeat a determination of probable cause.

**AFFIANT'S BACKGROUND**

5. I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in offenses enumerated in Section 2516 of Title 18, United States Code.

6. I am a Special Agent with the Federal Bureau of Investigations and have been so employed since 2018. I have been assigned to the FBI's Safe Streets Task Force in Baltimore, which investigates violations of federal drug and firearms statutes. Prior to my employment with the FBI, from 2012 until 2016, I was assigned to the Anne Arundel County Police Department in Anne Arundel County, Maryland as a Crime Scene Technician, and as such, I processed and collected evidence from hundreds of crime scenes, including shootings, robberies, and murders. I have assisted in authoring and executing numerous search and seizure warrants for drugs and related paraphernalia, firearms, cellular telephones, electronic devices, and other evidence of a wide range of crimes. I have also participated in arrest operations for violations of state and federal drug and firearms laws.



7. Based on my training, experience, and participation in other investigations involving drugs and firearms offenses, I am familiar with the methods, habits, and terminology used by individuals who violate the federal drug and firearms laws. I know that drug and firearms traffickers commonly carry cellular telephones with them and use them to remain in constant, ready communication with co-conspirators, sources of supply, and customers via voice calls, text messaging, e-mail, and social media websites such as Instagram, and to otherwise assist them in their drug and firearms trafficking activities.

**PROBABLE CAUSE**

8. Members of the FBI's Baltimore Safe Streets Task Force are currently investigating an individual named Devan MACK, who is believed to be illegally trafficking firearms and drugs in the West Baltimore area. MACK has a criminal history that includes a 2004 probation after judgment for CDS Possession with Intent to Manufacture/Distribute/Dispense in Baltimore City Circuit Court (Case No. 104343017), a 2006 conviction for felonious CDS Possession with Intent to Distribute-Narcotic in Anne Arundel County Circuit Court (Case No. 02K06000351), and a 2009 probation after judgment for CDS Possession With Intent to Manufacture/Distribute/Dispense in Baltimore City Circuit Court (Case No. 108197015).

9. In the month of November 2018, a confidential source (hereafter referred to as "CS-1")[1] informed investigators that MACK had contacted CS-1 with the intent to illegally sell two handguns for $1400.

1 CS-1 is providing information in exchange for monetary compensation. CS-1 has provided information in the past that has been independently verified by investigators, and investigators believe that CS-1's information is reliable. In December 2018, CS-1 was arrested and charged with possession of cocaine, marijuana and buprenorphine in the parking lot of a Maryland correctional facility. During the arrest, CS-1 told police officers—falsely—that CS-1 possessed the cocaine, marijuana and buprenorphine in connection with a buy-bust operation as part of CS-1's cooperation with the FBI. CS-1 has acknowledged that CS-1's statement to the police on the



10. After receiving the above-referenced information from CS-1, FBI's Safe Streets Task Force coordinated with the Baltimore Police Undercover Unit to plan a controlled purchase of firearms from MACK using CS-1 and a Baltimore City Undercover Detective (hereinafter "UC-1"). On November 29, 2018, in the presence of UC-1, CS-1 placed a call to MACK at telephone number (410) 501-4831. During the call, CS-1 made planned to meet MACK later that day in the 2900 block of Gwynns Falls Parkway in Baltimore to purchase firearms.

11. Later that day, CS-1 met MACK at the predetermined location. The meeting was audio and video-recorded. MACK entered CS-1's vehicle and stated that he had only one of the two firearms with him because the second firearm was being used by another individual who was out "hustling" and needed it for protection due to an ongoing dispute. UC-1 then entered the vehicle with MACK and CS-1. MACK handed UC-1 a Glock model 34 9 millimeter handgun with serial number FBR831US. UC-1 gave MACK $700 for the gun, which was loaded with 17 rounds. Before retrieving the second gun, MACK was asked about his ability to supply cocaine. MACK advised that he could get cocaine from the same block where the second gun was being held. MACK then left CS-1's vehicle and returned approximately thirty minutes later. Upon returning to the vehicle, MACK handed UC-1 a Sig Sauer model P226 9 millimeter handgun with serial number U686378. UC-1 gave MACK $700 for the second gun. MACK advised that he had numerous other firearms as well as additional magazine for one of the firearms that UC-1 had just purchased.

12. On December 3, 2018, CS-1 placed a controlled call to MACK on speaker-phone to allow investigators to listen to the conversation. MACK told CS-1 that he had firearms for sale but was not ready to sell them at that time.

---

date of CS-1's arrest was false.



13. On February 5, 2019, a grand jury in this district returned an indictment charging Mack with one count of possession of firearms and ammunition by a felon, in violation of 18 U.S.C. § 922(g), on the basis of Mack's possession of the Glock and Sig Sauer firearms and ammunition in connection with the controlled purchase summarized in paragraphs 10 and 11 above. Later on February 5, 2019, the Honorable Beth P. Gesner issued a warrant for MACK's arrest. On March 19, 2019, the Honorable J. Mark Coulson issued a search and seizure warrant for MACK's residence, 1611 Saint Stephens Street, Baltimore, Maryland.

14. On March 20, 2019, pursuant to the above-described warrants, investigators conducted a search of 1611 Saint Stephens Street and arrested Devan MACK. When investigators first entered the residence, they discovered MACK sleeping on a couch on the first floor. Investigators recovered the **SUBJECT DEVICE** from the same couch. After the **SUBJECT DEVICE** was recovered, MACK asked investigators if he could use the device to make a call to his place of employment. He subsequently provided investigators with a passcode that was used to unlock the **SUBJECT DEVICE.** The **SUBJECT DEVICE** was ultimately seized as evidence.

**CONCLUSION**

15. Based on the foregoing, there is probable cause to believe that the **SUBJECT DEVICE** will contain evidence of possession of firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g), as further described in Attachment B. Specifically, based on the recovery of the **SUBJECT DEVICE** from the location where MACK was sleeping at the time of his arrest, as well as his prior use of a cellular telephone to facilitate the sale of two firearms in November 2018, there is probable cause to believe that MACK was using the **SUBJECT DEVICE** in furtherance of firearms trafficking. WHEREFORE, in consideration of the facts presented, I respectfully request that this Court issue a search warrant for the **SUBJECT DEVICE** more fully

PJM

19-1225 ADC

described in Attachment A, and authorize the search and seizure of the items described in Attachment B.

Special Agent Melissa Draper
FBI

Sworn to before me this 8th day of April, 2019.

The Honorable A. David Copperthite
United States Magistrate Judge



## ATTACHMENT A

## ITEMS TO BE SEARCHED

1. One black Samsung cellular telephone, model SM-S337TL (GP), with IMEI number 356448080847479 (the "**SUBJECT DEVICE**"), currently located in the custody of the Federal Bureau of Investigation ("FBI") in Baltimore, Maryland



## ATTACHMENT B

## ITEMS TO BE SEIZED

This warrant authorizes the search and seizure of all records contained within the Subject Device described in Attachment A that constitute evidence of violations of 18 U.S.C. § 922(g), including, but not limited to:

a. images;
b. videos;
c. records of incoming and outgoing voice communications;
d. records of incoming and outgoing text messages;
e. the content of incoming and outgoing text messages;
f. voicemails;
g. e-mails;
h. voice recordings;
i. contact lists;
j. data from third-party applications (including social media applications like Facebook and Instagram and messaging programs like WhatsApp and Snapchat);
k. location data;
l. browser history;
m. bank records, checks, credit card bills, account information, and other financial records;
n. evidence of user attribution showing who used or owned the Subject Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;
o. evidence of software that would allow others to control the Subject Device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;
p. evidence of the lack of such malicious software;
q. evidence of the attachment to the Device of other storage devices or similar containers for electronic evidence;
r. evidence of counter forensic programs (and associated data) that are designed to eliminate data from the Device;
s. evidence of the times the Subject Device was used;
t. passwords, encryption keys, and other access devices that may be necessary to access the Subject Device;
u. documentation and manuals that may be necessary to access the Subject Device or to conduct a forensic examination of the Subject Device;
v. contextual information necessary to understand the evidence described in this attachment.

As used above, the term "records" includes all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and



any photographic form.

With respect to the search of any of the items described above which are stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer with the aid of computer-related equipment (including CDs, DVDs, thumb drives, flash drives, hard disk drives, or removable digital storage media, software or memory in any form), the search procedure may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein, while permitting government examination of all the data necessary to determine whether that data falls within the items to be seized):

a. surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);
b. "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;
c. "scanning" storage areas to discover and possible recover recently deleted files;
d. "scanning" storage areas for deliberately hidden files; or
e. performing key word searches or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

If after performing these procedures, the directories, files or storage areas do not reveal evidence of the specified criminal activity, the further search of that particular directory, file or storage area, shall cease.